**CONSORTIUM OF the CITIES OF CHINO, MONTCLAIR, ONTARIO, RANCHO CUCAMONGA, AND UPLAND, CALIFORNIA, MUNICIPAL CORPORATIONS, Petitioner,**

v.

**DEPARTMENT OF LABOR, Respondent.**

No. 86–7320.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 4, 1987.

Decided March 3, 1987.

As Amended April 2, 1987.

Andrew V. Arczynski, Brea, Cal., for petitioner.

Robert J. Lesnick, Washington, D.C., for respondent.

Before SNEED, FARRIS and NOONAN, Circuit Judges.

NOONAN, Circuit Judge:

The cities of Chino, Montclair, Ontario, Rancho Cucamonga, and Upland, California (the consortium) petition to review a decision of the Secretary of Labor. The case arises under the Job Training Partnership Act, 29 U.S.C. § 1501, et seq., a successor to the familiar CETA Program, 87 Stat. 839.

The case is one of first impression and requires us to interpret a statute which on its face did not contemplate the problem before the court. Under § 1511 it is mandatory for the governor of a state to designate as "a service delivery area" any unit of general local government with a population of 200,000 or more. The statute does not say what will happen if two such units, overlapping each other, both request designation by the governor.

In this case, Governor George Deukmejian, acting on the advice of the appropriate training council, designated San Bernardino County as a service delivery area. In area the largest county in the country, San Ber-

nardino easily qualified as a unit of general local government with a population exceeding 200,000. But the consortium, composed of five cities within San Bernardino, also applied for designation. The training council recommended against that designation, and the governor denied it. As the statute provides, the consortium then applied to the Secretary of Labor who, the statute says, "shall make a final decision." 29 U.S.C. § 1511(a)(4)(C). The Secretary upheld Governor Deukemejian. The consortium then appealed to this court which has been given jurisdiction to review the Secretary's decision. 29 U.S.C. § 1578(a)(1). We take a new and independent look at the meaning of the statute interpreted by the Secretary.

The very sparse judicial precedents in existence support the consortium in a literal reading of the statute. What is mandatory is mandatory. *Consortium of Rockingham v. U.S. Department of Labor,* 722 F.2d 888, 890 (1st Cir.1983); *see Romero-Barcelo v. Donovan,* 722 F.2d 882 (1st Cir.1983). But neither the holding in the first case nor the dictum in the second address the situation where, on a literal construction of the statute, there will be two mandatory designatees. We do not find the precedents control.

If the consortium is right, the statute is made fairly unworkable for both San Bernardino County and the five cities. We cannot impute to Congress the intention of writing an unworkable statute. Accordingly, we put emphasis on the two provisions of the statute that vest power in a governor to approve and the Secretary of Labor to make a final decision.

A governor's power cannot be exercised arbitrarily nor may the Secretary's, but in this situation we hold that the governor's designation of the county and his refusal to designate the consortium is a proper exercise of his authority under Section 1511.

The Secretary of Labor did not act unreasonably in upholding it.

AFFIRMED.